1

2

3

4

5                          UNITED STATES DISTRICT COURT

6                          EASTERN DISTRICT OF WASHINGTON

7   ADOLFO MARTINEZ and MARIA
    LUZ LOPEZ MARTINEZ, husband and        NO:  CV-13-3040- RMP
8   wife;                                        CV-13-3042-RMP

9                          Plaintiff,      JURY TRIAL SCHEDULING
              v.                           ORDER
10
    CITYOF UNION GAP, a municipal
11  corporation; and JOHN DOES NO. 1-
    15;
12
                           Defendants.
13
─────────────────────────────────────────────────────────
14        A telephonic scheduling conference was held in this matter on July 1, 2013.

15  J. Jarrette Sandlin appeared on behalf of Plaintiffs Adolfo and Maria Martinez, and

16  Kirk A. Ehlis appeared on behalf of Defendants City of Union Gap, et al.

17        The Court reviewed the parties' Joint Status Certificate, ECF No. 7, heard

18  from counsel, and is fully informed.  Accordingly, **IT IS HEREBY ORDERED:**

19

20

JURY TRIAL SCHEDULING ORDER ~ 1

**1.**   The parties' oral motion to consolidate CV-13-3040-RMP and CV-13-3042-RMP is **GRANTED**.   Both cases shall be consolidated under **CV-13-3040**.

**2.** On or before **August 15, 2013**, Plaintiff shall identify all John Doe defendants via an amended complaint.  If Plaintiff fails to amend the complaint by that date, all claims will be dismissed as to John Doe defendants.

**3.** *Motion Practice*

(a)   All parties shall adhere to LR 7.1.

(b)   Motions to Expedite, if any, shall be filed separately and noted for hearing at least seven (7) days from the date of filing, pursuant to LR 7.1(h)(2)(C).  If the matter needs to be heard on a more immediate basis, the party filing the motion shall advise chambers of such.

(c)   All non-dispositive hearings in which oral argument is requested shall be conducted telephonically or by video conference unless approved for in-person argument by the Court.  **The parties shall not utilize cell phones or speaker phones during any telephonic hearing**.

(d)   If an in-person argument is desired, the parties must advise the Court why in-person argument would be appropriate when contacting the Court to schedule the hearing.  All dispositive hearings in which oral argument has

JURY TRIAL SCHEDULING ORDER ~ 2

been requested shall be set for in-person appearance; however, the parties may request to appear telephonically or by video conference.  Not withstanding the foregoing procedure, the Court may decide that oral argument is not warranted and proceed to determine any motion without oral argument.

**4.** *Initial Disclosures*

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, the parties shall disclose the following:

(a)   list of all individuals, including addresses and phone numbers, if known, who are likely to have discoverable information relevant to any issue in the case;

(b)  A copy or description of all documents and tangible things that may be relevant to any issue in the case;

(c)  A computation of any damages claimed by any party; and

(d)  A description of any insurance agreement that must be made available for inspection and/or copying.

**5.** *Expert Disclosures*

The parties shall exchange the materials identified in Fed. R. Civ. P. 26(a)(2)(B) in accordance with the following schedule, but shall not file these materials with the Court.

JURY TRIAL SCHEDULING ORDER ~ 3

(a) The parties shall identify expert witnesses to be called at trial and shall exchange Rule 26 materials, including expert witness reports, for those witnesses on or before **March 13, 2014,** for all issues on which they bear the burden of proof.  Ordinarily, that means that Plaintiffs shall disclose experts supporting its case-in-chief, and that Defendants shall disclose experts supporting any affirmative defenses.

(b) The parties shall identify expert witnesses to be called at trial and shall exchange Rule 26 materials, including expert witness reports, for those witnesses on or before **April 11, 2014**, for all issues on which the opposing party bears the burden of proof.  Ordinarily, that means that Defendants shall disclose experts opposing Plaintiff's case-in-chief, and that Plaintiffs shall disclose experts opposing any affirmative defenses.

(c)  All rebuttal expert witnesses shall be identified and Rule 26 materials exchanged on or before **May 2, 2014**.

(d)  The parties may modify the deadline for exchange of expert disclosures by joint stipulation filed with the Court; a motion is not required.

(e) Pretrial disclosure of the identity of all other persons shall conform to the requirements of Fed. R. Civ. P. 26(a)(1) (persons with relevant knowledge) and 26(a)(3) (witnesses).

**6.** *Discovery*

(a) All discovery shall be completed on or before **May 30, 2014**.

(b) The parties shall file no discovery except as necessary to support motions.

**7.** *Dispositive Motions*

(a) All dispositive motions shall be filed and served on or before **June 20, 2014**.

(b) As with all motions filed in this case, dispositive motions shall comply with the page and time limits set forth in Local Rule 7.1(h).

(c) Challenges to the admissibility of expert opinion testimony on the basis of *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 113 S.Ct. 2786, 2796, 125 L.Ed.2d 469 (1993), shall be made by written motion and filed by **June 20, 2014**. If the party challenging expert testimony anticipates that an evidentiary hearing shall be required, the party shall so advise the Court and opposing counsel in conjunction with the filing of its *Daubert* motions. The party shall describe the nature of the evidence to be presented and provide an estimate of the amount of time required for the hearing.

**8. *Settlement Status***

(a)  By **July 18, 2014**, the parties shall file a Settlement Status Certificate stating whether they would be in agreement to schedule mediation with one of the court's full-time magistrates.

(b)  If the parties fail to file a Settlement Certificate by the date given, the parties shall appear before the Court for a telephonic status conference on **July 25, 2014, at 9:30 a.m.** to discuss the prospect of a settlement conference.  This hearing shall take place **ONLY** if the parties fail to file the Settlement Certificate, in which case the parties shall call the Court's toll-free conference line at **(888) 363-4749**.  The caller will be prompted to enter the following:  **Access Code 6699898** and **Security Code: 3040**.  **Please listen carefully and follow the automated instructions so that you can be added to the conference in a timely manner.**

**9. *Exhibit and Witness Lists***

(a)  Exhibit lists and witness lists shall be filed and served and exhibits made available for inspection (or copies provided), on or before **September 18, 2014**.

(b)  The witness list shall include identification of each witness's testimony.

(c)  Where feasible, all exhibits identified in depositions shall be pre-marked with the exhibit numbers that will be used at trial.  Plaintiff's trial exhibits are to be numbered 1 through 199; defendant's exhibits 200 and following.

(d)  Objections to such lists and any accompanying briefs shall be filed and served on or before **September 25, 2014**.

(e)  Responses, if any, to objections to witness and/or exhibit list shall be filed and served on or before **October 2, 2014**.

(f)  Objections shall be heard at the pretrial conference.  Copies of the exhibits to which there are objections shall be provided to the Court on or before **September 25, 2014**.

(g)  In accordance with Local Rule 83.1(g), each party shall bring to trial, and any other hearing on the merits, photocopies of their relevant pre-marked exhibits for the Court, opposing counsel, and testifying witness, unless it is not possible to do so because of the nature of an exhibit.  It is recommended that these photocopies be organized into separate binders.

**10.  *Designation of Testimony***

(a)  Designation of substantive, as opposed to impeachment, deposition testimony shall be by highlighting and shall be served upon opposing counsel, **but not filed**, on or before **September 18, 2014**.

(b)  Cross-designations by highlighting in a different color shall be served, **but not filed**, on or before **September 25, 2014**.

(c)  Objections to any designated deposition testimony shall be **filed and served** on or before **October 2, 2014**, and shall be heard and resolved at the pretrial conference.

(d)  Copies of designations to which there are objections shall be provided to the Court on or before **October 2, 2014**.

**11.  *Motions in limine***

(a)  All unresolved substantive or evidentiary issues that may foreseeably arise during trial shall be addressed by motions in limine to be filed and served on or before **October 3, 2014**.

(b)  Responses shall be filed and served on or before **October 10, 2014**.

(c)  Replies shall be filed and served on or before **October 17, 2014**.

(d)  Motions in limine shall be noted for hearing at the pretrial conference.

**12.  *Pretrial Order***

(a)  A **joint** Pretrial Order, prepared in accordance with the format provided in Local Rule 16.1(b) shall be filed on or before **October 23, 2014**, and a copy e-mailed in Word format to the Court at

petersonorders@waed.uscourts.gov.  **The Court will *not* accept individually filed pretrial orders.**

(b) The list of exhibits contained in the joint Pretrial Order shall reflect the exhibit marking scheme described above in paragraph 9(c).

(c)  In preparing the joint Pretrial Order, the parties shall confer regarding duplicate exhibits and determine which party will submit such exhibits for trial.

**13. *Jury Instructions***

(a)  Prior to **October 23, 2014**, the parties shall confer regarding jury instructions in preparation of filing a joint set.

(b)  No later than **October 23, 2014**, the parties shall **jointly** file **one complete set** of jury instructions that contain a copy of each instruction on which the parties agree and a copy of each instruction that is disputed (i.e., a copy of each party's proposed version, if any, of an instruction on which they do not agree).  All instructions shall be short, concise, understandable, and neutral statements of the law.  Argumentative instructions shall not be submitted or given.  To be complete, the **joint** set of instructions must include instructions addressing the elements of each claim or defense, and a proposed verdict form.  Instructions need not be submitted on issues that are

not unique to this case, such as standard opening and closing instructions. *See also* Local Rule 51.1.

(c)   No later than **October 23, 2014**, each party shall file and serve a legal memorandum addressing any objections the party has regarding any instructions proposed by any other party.  In their memoranda, the parties shall identify the specific portion of any proposed instruction to which they object and shall concisely state the basis for the objection.  If any of the proposed instructions are modified versions of model instructions, the parties shall identify the modification and legal authority for the modification.  Objections asserting that an instruction sets forth an incorrect or inappropriate statement of law shall cite specific legal authority supporting the objection.  Failure to file an objection and supporting memorandum may be construed as consent to the adoption of an instruction proposed by another party.  Any objection or proposed instruction for which a good faith basis does not exist may result in sanctions.  The party proposing a disputed instruction may file a memorandum responding to any other party's objections, but must do so on or before **October 23, 2014.**

**14.** *Court Dates*

(a) An in-person pretrial conference will be held on **November 4, 2014,** at **9:30 a.m.** in **Yakima**, Washington.

(b) The **jury** trial shall commence on **November 17, 2014**, at **9:00 a.m.** in **Yakima,** Washington.  Counsel estimates a trial length of **five (5) days**.

**15.**  Pursuant to Rule 16 of the Federal Rules of Civil Procedure, this schedule "shall not be modified except upon a showing of good cause and by leave [of the Court]."  Rule 16(f) of the Federal Rules of Civil Procedure provides for sanctions for failure to obey the Scheduling Order.

**IT IS SO ORDERED.**   The District Court Clerk is hereby directed to enter this Order, consolidate CV-13-3042-RMP with CV-13-3040-RMP and provide copies of this Order to counsel.

**DATED** this 1st day of July 2013.


_____*s/ Rosanna Malouf Peterson*_____
ROSANNA MALOUF PETERSON
Chief United States District Court Judge

JURY TRIAL SCHEDULING ORDER ~ 11